UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

    Plaintiff,

v.

BOOM-HORT INC. and TIM
DONUT U.S. LIMTED, INC.,

    Defendants.
_____/

Case No. 23-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, PATRICK SHALTRY, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, BOOM-HORT INC. and TIM DONUT U.S. LIMITED, INC., stating as follows:

**COMMON ALLEGATIONS**

1.    That Plaintiff is a resident of the County of Midland, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant BOOM-HORT INC. is a domestic profit corporation authorized to conduct business in and doing so in the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That Defendant TIM DONUT U.S. LIMITED, INC. is a foreign profit corporation authorized to conduct business in and doing so in the County of Saginaw, State of Michigan and has its principal place of business and is domiciled in the State of Florida.

4. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

5. That Plaintiff is a military veteran and retired from the Saginaw Police Department.

6. That Plaintiff is disabled and utilizes a service dog to assist him with various tasks.

7. That on or about March 22, 2023, Plaintiff intended on visiting Defendants' Tim Horton restaurant located at 2039 North Michigan Avenue, Saginaw, Michigan 48602.

8. That Plaintiff intended on meeting a friend, another Saginaw Police Department retiree.

9. That on said date, Plaintiff arrived and entered the Tim Horton

restaurant with his service animal.

10. That the manager on duty accosted Plaintiff, telling him he could not have a dog inside the restaurant and that Plaintiff had to leave.

11. That Plaintiff protested, indicating he has every right to enter the restaurant with a service animal.

12. That Defendants' agents unlawfully requested Plaintiff to provide documentary proof that his dog was a service animal.

13. That at all times material hereto, Plaintiff's service animal was under his control and not creating any disturbance.

14. That Defendants unlawfully demanded Plaintiff remove his service animal from the restaurant and threatened to contact the police.

15. That knowing that it is unlawful to impede or interfere with a service animal, Plaintiff requested Defendants contact the police as Defendants were violating his rights.

16. That Plaintiff opposed Defendants' discriminatory treatment of Plaintiff's service animal.

17. That subsequent thereto, members of the Saginaw Police Department arrived at Defendants' Tim Horton restaurant.

18. That after discussing the situation with law enforcement officers, Defendants continued to discriminate and retaliate against Plaintiff.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

19. That after realizing Defendants could not prohibit Plaintiff and his service dog entry, Defendants decided to permit Plaintiff's service dog on its premises; however, Defendants retaliated against Plaintiff by denying him access.

20. That Defendants falsely characterized Plaintiff's opposition to Defendants' discrimination to be disruptive.

21. That Defendants refused to permit Plaintiff and his service animal full and equal access to its facilities and services.

22. That Defendants failed to proffer a legitimate, nondiscriminatory reason for its treatment of Plaintiff and his service animal.

23. That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

24. That Defendants' actions constitute retaliation in violation of the Americans with Disabilities Act.

25. That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

26. That Defendants' actions constitute retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act.

27. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential

damages.

28. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

29. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

30. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

31. That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## **COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

32. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

33. That at all times material hereto, Defendants operated a restaurant or other establishment serving food and/or drink. 42 U.S.C. § 12181(7)(B).

34. That at all times material hereto, Defendants were and are a "public accommodation" as defined by the Act. 42 U.S.C. § 12181(7)(B).

35. That at all times material hereto, Plaintiff had a "disability" as defined by the Act. 42 U.S.C. § 12102(1).

36. That at all times material hereto, Plaintiff's dog constituted a "service animal" as defined by the Act and the applicable regulations. 28 C.F.R. § 36.104.

37. That at all times material hereto, Plaintiff's dog was and is trained to do work or perform tasks for the benefit of an individual with a disability. 28 C.F.R. § 36.104.

38. That at all times material hereto, Plaintiff's service dog was in the control of Plaintiff.

39. That at all times material hereto, Plaintiff's service dog was housebroken.

40. That Title III of the Americans with Disabilities Act provides that "[n]o individual shall be discriminated against on the basis of disability int eh full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12812(a).

41. That a public accommodation must "make reasonable modifications in

policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodation to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. § 36.302(a).

42. That more specifically, "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

43. That "[i]ndividuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28 C.F.R. § 36.302(c)(7).

44. That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to allow Plaintiff to remain on their premises with his service animal.

45. That Defendants further unlawfully inquired into whether Plaintiff's service animal was registered or licensed and the nature of Plaintiff's disability.

46. That Defendants instructed Plaintiff to leave the premises with his service animal and was denied the equal enjoyment of Defendants' goods and

services.

47. That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

48. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

49. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

50. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

51. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – RETALIATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

52. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31 of his Common Allegations and paragraphs 32 through 51 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

53. That the Americans with Disabilities Act provides that "[n]o persons shall discriminate against any individual because such individual has opposed any act or practice made unlawful by" the Act.  42 U.S.C. § 12203(a).

54. That Plaintiff engaged in activity protected by the Act by opposing Defendants' refusal to allow Plaintiff to remain on their premises with his service animal.

55. That Defendants knew of Plaintiff's protected activity.

56. That Defendants took adverse action against Plaintiff because of his protected activity.

57. That Defendants denied Plaintiff access to their restaurant and instructed Plaintiff to leave because of his presence with a service animal and because Plaintiff had opposed Defendants' violation of the law.

58. That a causal connection exists between Plaintiff's protected activity and the adverse action.

59. That any reasons proffered by Defendants for taking said adverse action

9

are pretextual in nature.

60. That any reasons proffered by Defendants for taking said adverse action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

61. That Defendants' actions constitute retaliation in violation of the Americans with Disabilities Act.

62. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

63. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

64. That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

65. That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter

judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

**COUNT III – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

66. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31 of his Common Allegations, paragraphs 32 through 51 of Count I, and paragraphs 52 through 65 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

67. That at all times material hereto, Defendants were "places of public accommodation" as defined by the Michigan Persons with Disabilities Civil Rights Act as they are a business whose "goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." M.C.L. § 37.1301(a).

68. That at all times material hereto, Plaintiff had a "disability" as defined by the Act. M.C.L. § 37.1103(d)(i).

69. That at all times material hereto, Plaintiff's dog constituted a "service animal" as defined by the Act and Michigan law. See *Lacaria v Aurora Borealis Motor Inn, Inc*, unpublished opinion of the Court of Appeals, issued November 8, 2016 (Docket No. 329327); see also M.C.L. § 750.50a(5)(f); 28 C.F.R. § 36.104.

70. That at all times material hereto, Plaintiff's service animal was under

Plaintiff's control.

71. That at all times material hereto, Plaintiff's service animal was housebroken.

72. That Article III of the Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids."  M.C.L. § 37.1302(a).

73. That the use of a service animal constitutes an "adaptive aid" as used in M.C.L. § 37.1302(a).  *See Lacaria*, *supra*.

74. That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to allow Plaintiff to remain on their premises with his service animal.

75. That Defendants further unlawfully inquired into whether Plaintiff's service animal was registered or licensed and the nature of Plaintiff's disability.

76. That Defendants instructed Plaintiff to leave the premises with his service animal and was denied the equal enjoyment of Defendants' goods and

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

services.

77. That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

78. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

79. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

80. That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT IV – RETALIATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

81. That Plaintiff hereby incorporates by reference the allegations

contained in paragraphs 1 through 31 of his Common Allegations, paragraphs 32 through 51 of Count I, paragraphs 52 through 65 of Count II, and paragraphs 66 through 80 of Count III, word for word and paragraph for paragraph, as if fully restated herein.

82. That the Michigan Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[r]etaliate or discriminate against a person because the person has opposed a violation of" the Act. M.C.L. § 37.1602(a).

83. That Plaintiff engaged in activity protected by the Act by opposing Defendants' refusal to allow Plaintiff to remain on their premises with his service animal.

84. That Defendants knew of Plaintiff's protected activity.

85. That Defendants took adverse action against Plaintiff because of his protected activity.

86. That Defendants denied Plaintiff access to their restaurant and instructed Plaintiff to leave because of his presence with a service animal and because Plaintiff had opposed Defendants' violation of the law.

87. That a causal connection exists between Plaintiff's protected activity and the adverse action.

88. That any reasons proffered by Defendants for taking said adverse action are pretextual in nature.

89. That any reasons proffered by Defendants for taking said adverse action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

90. That Defendants' actions constitute retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act.

91. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

92. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

93. That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: April 22, 2024      By:  /s/ *Kevin J. Kelly (P74546)*
                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                                KEVIN J. KELLY (P74546)
                                                Attorneys for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan 48602
                                                (989) 752-1414
                                                vmastromarco@mastromarcofirm.com
                                                kkelly@mastromarcofirm.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, PATRICK SHALTRY, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

                                                                         Respectfully submitted,
                                                                         THE MASTROMARCO FIRM

Dated: <u>April 22, 2024</u>        By:    <u>/s/ *Kevin J. Kelly (p34564)*</u>
                                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                                                KEVIN J. KELLY (P74546)
                                                                Attorneys for Plaintiff
                                                                1024 N. Michigan Avenue
                                                                Saginaw, Michigan 48602
                                                                (989) 752-1414
                                                                <u>vmastromarco@mastromarcofirm.com</u>
                                                                <u>kkelly@mastromarcofirm.com</u>