UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

      Plaintiff,

v.

DAMOUNI OF MICHIGAN AVE, INC.,
and TIM DONUT U.S. LIMITED, INC.,

      Defendants.

_____/

Case No. 1:24-cv-11059
Hon. Thomas L. Ludington

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT & RELIANCE ON PRIOR DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, PATRICK SHALTRY, by and through his attorneys,

THE MASTROMARCO FIRM, and hereby complains against Defendants,

DAMOUNI OF MICHIGAN AVE, INC. and TIM DONUT U.S. LIMITED, INC.,

stating as follows:

## COMMON ALLEGATIONS

1.      That Plaintiff is a resident of the County of Midland, State of Michigan and is otherwise domiciled in the State of Michigan.

2.      That Defendant Damouni of Michigan Ave, Inc. is a domestic profit corporation authorized to conduct business in and doing so in the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

3.      That Defendant Tim Donut U.S. Limited, Inc. is a foreign profit corporation authorized to conduct business in and doing so in the County of Saginaw, State of Michigan and has its principal place of business and is domiciled in the State of Florida.

4.      That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

5.      That Plaintiff is a military veteran and retired from the Saginaw Police Department.

6.      That Plaintiff is disabled and utilizes a service dog to assist him with various tasks.

7.      That on or about March 22, 2023, Plaintiff intended on visiting Defendants' Tim Horton restaurant located at 2039 North Michigan Avenue, Saginaw, Michigan 48602.

8.    That Plaintiff intended on meeting a friend, another Saginaw Police Department retiree.

9.    That on said date, Plaintiff arrived and entered the Tim Horton restaurant with his service animal.

10.    That the manager on duty accosted Plaintiff, telling him he could not have a dog inside the restaurant and that Plaintiff had to leave.

11.    That Plaintiff protested, indicating he has every right to enter the restaurant with a service animal.

12.    That Defendants' agents unlawfully requested Plaintiff to provide documentary proof that his dog was a service animal.

13.    That at all times material hereto, Plaintiff's service animal was under his control and not creating any disturbance.

14.    That Defendants unlawfully demanded Plaintiff remove his service animal from the restaurant and threatened to contact the police.

15.    That knowing that it is unlawful to impede or interfere with a service animal, Plaintiff requested Defendants contact the police as Defendants were violating his rights.

16.    That Plaintiff opposed Defendants' discriminatory treatment of Plaintiff's service animal.

17.    That subsequent thereto, members of the Saginaw Police Department

arrived at Defendants' Tim Horton restaurant.

18.    That after discussing the situation with law enforcement officers, Defendants continued to discriminate and retaliate against Plaintiff.

19.    That after realizing Defendants could not prohibit Plaintiff and his service dog entry, Defendants decided to permit Plaintiff's service dog on its premises; however, Defendants retaliated against Plaintiff by denying him access.

20.    That Defendants falsely characterized Plaintiff's opposition to Defendants' discrimination to be disruptive.

21.    That Defendants refused to permit Plaintiff and his service animal full and equal access to its facilities and services.

22.    That Defendants failed to proffer a legitimate, nondiscriminatory reason for its treatment of Plaintiff and his service animal.

23.    That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

24.    That Defendants' actions constitute retaliation in violation of the Americans with Disabilities Act.

25.    That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

26.    That Defendants' actions constitute retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act.

27.     That Defendants' actions constitute negligence and negligence per se.

28.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

29.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

30.     That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

31.     That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

32.     That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

33.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

34.     That at all times material hereto, Defendants operated a restaurant or other establishment serving food and/or drink.  42 U.S.C. § 12181(7)(B).

35.     That at all times material hereto, Defendants were and are a "public accommodation" as defined by the Act.  42 U.S.C. § 12181(7)(B).

36.     That at all times material hereto, Plaintiff had a "disability" as defined by the Act.  42 U.S.C. § 12102(1).

37.     That at all times material hereto, Plaintiff's dog constituted a "service animal" as defined by the Act and the applicable regulations.  28 C.F.R. § 36.104.

38.     That at all times material hereto, Plaintiff's dog was and is trained to do work or perform tasks for the benefit of an individual with a disability.  28 C.F.R. § 36.104.

39.     That at all times material hereto, Plaintiff's service dog was in the control of Plaintiff.

40.     That at all times material hereto, Plaintiff's service dog was housebroken.

41.     That Title III of the Americans with Disabilities Act provides that "[n]o

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

individual shall be discriminated against on the basis of disability int eh full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12812(a).

42.     That a public accommodation must "make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodation to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. § 36.302(a).

43.     That more specifically, "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

44.     That "[i]ndividuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28 C.F.R. § 36.302(c)(7).

45.     That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to allow Plaintiff to remain on their premises with his service animal.

46.   That Defendants further unlawfully inquired into whether Plaintiff's service animal was registered or licensed and the nature of Plaintiff's disability.

47.   That Defendants instructed Plaintiff to leave the premises with his service animal and was denied the equal enjoyment of Defendants' goods and services.

48.   That Defendants' actions constitute disability discrimination in violation of the Americans with Disabilities Act.

49.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

50.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

51.   That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

52.   That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

53.  That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 of his Common Allegations and paragraphs 33 through 52 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

54.  That the Americans with Disabilities Act provides that "[n]o persons shall discriminate against any individual because such individual has opposed any act or practice made unlawful by" the Act.  42 U.S.C. § 12203(a).

55.  That Plaintiff engaged in activity protected by the Act by opposing Defendants' refusal to allow Plaintiff to remain on their premises with his service animal.

56.  That Defendants knew of Plaintiff's protected activity.

57.  That Defendants took adverse action against Plaintiff because of his protected activity.

58.  That Defendants denied Plaintiff access to their restaurant and instructed Plaintiff to leave because of his presence with a service animal and

because Plaintiff had opposed Defendants' violation of the law.

59.     That a causal connection exists between Plaintiff's protected activity and the adverse action.

60.     That any reasons proffered by Defendants for taking said adverse action are pretextual in nature.

61.     That any reasons proffered by Defendants for taking said adverse action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

62.     That Defendants' actions constitute retaliation in violation of the Americans with Disabilities Act.

63.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

64.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

65.     That Plaintiff hereby claims any and all remedies available pursuant to

42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

66.    That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

67.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 of his Common Allegations, paragraphs 33 through 52 of Count I, and paragraphs 53 through 66 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

68.    That at all times material hereto, Defendants were "places of public accommodation" as defined by the Michigan Persons with Disabilities Civil Rights Act as they are a business whose "goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." M.C.L. § 37.1301(a).

69.    That at all times material hereto, Plaintiff had a "disability" as defined by the Act. M.C.L. § 37.1103(d)(i).

70.    That at all times material hereto, Plaintiff's dog constituted a "service

animal" as defined by the Act and Michigan law.  See *Lacaria v Aurora Borealis Motor Inn, Inc*, unpublished opinion of the Court of Appeals, issued November 8, 2016 (Docket No. 329327); see also M.C.L. § 750.50a(5)(f); 28 C.F.R. § 36.104.

71.    That at all times material hereto, Plaintiff's service animal was under Plaintiff's control.

72.    That at all times material hereto, Plaintiff's service animal was housebroken.

73.    That Article III of the Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids."  M.C.L. § 37.1302(a).

74.    That the use of a service animal constitutes an "adaptive aid" as used in M.C.L. § 37.1302(a).  *See Lacaria*, *supra*.

75.    That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to allow Plaintiff to remain on their premises with his service animal.

76.    That Defendants further unlawfully inquired into whether Plaintiff's service animal was registered or licensed and the nature of Plaintiff's disability.

77.    That Defendants instructed Plaintiff to leave the premises with his service animal and was denied the equal enjoyment of Defendants' goods and services.

78.    That Defendants' actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

79.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

80.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

81.    That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT IV – RETALIATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

82.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 of his Common Allegations, paragraphs 33 through 52 of Count I, paragraphs 53 through 66 of Count II, and paragraphs 67 through 81 of Count III, word for word and paragraph for paragraph, as if fully restated herein.

83.    That the Michigan Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[r]etaliate or discriminate against a person because the person has opposed a violation of" the Act.  M.C.L. § 37.1602(a).

84.    That Plaintiff engaged in activity protected by the Act by opposing Defendants' refusal to allow Plaintiff to remain on their premises with his service animal.

85.    That Defendants knew of Plaintiff's protected activity.

86.    That Defendants took adverse action against Plaintiff because of his protected activity.

87.    That Defendants denied Plaintiff access to their restaurant and instructed Plaintiff to leave because of his presence with a service animal and because Plaintiff had opposed Defendants' violation of the law.

88.     That a causal connection exists between Plaintiff's protected activity and the adverse action.

89.     That any reasons proffered by Defendants for taking said adverse action are pretextual in nature.

90.     That any reasons proffered by Defendants for taking said adverse action are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

91.     That Defendants' actions constitute retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act.

92.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

93.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

94.     That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT V – NEGLIGENCE & NEGLIGENCE PER SE

95.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 of his Common Allegations, paragraphs 33 through 52 of Count I, paragraphs 53 through 66 of Count II, paragraphs 67 through 81 of Count III, and paragraphs 82 through 94 of Count IV, word for word and paragraph for paragraph, as if fully restated herein.

96.     That at all times material hereto, Defendants owed Plaintiff a duty to exercise reasonable care in its undertakings and to comply with all statutorily imposed duties.

97.     That the Michigan Penal Code requires a public accommodation to modify its policies, practices, and procedures to permit the use of a service animal by a person with a disability.  M.C.L. § 750.502c(1).

98.     That the Michigan Penal Code prohibits staff of a public accommodation from asking about a person with a disability's disability, require medical documentation, require a special identification card or training documentation, or ask that the service animal demonstrate its ability to perform work

or a task; further, a public accommodation cannot require documentation when making lawful inquiries.  M.C.L. § 750.502c(8)-(9).

99.    That the Michigan Penal Code prohibits a public accommodation from isolating a person with a disability accompanied by his service animal.  M.C.L. § 750.502c(11)(a).

100.    That the Michigan Penal Code prohibits a public accommodation from treating a person with a disability accompanied by his service animal less favorably than other patrons.  M.C.L. § 750.502c(11)(c).

101.    That at all times material hereto, Defendants were a "place of public accommodation" and/or a "public accommodation" for purposes of the Michigan Penal Code provisions identified above.  *See* M.C.L. § 750.502c(14)(e)-(f).

102.    That at all times material hereto, Plaintiff was a "person with a disability" for purposes of the Michigan Penal Code provisions identified above.  *See* M.C.L. § 750.502c(14)(d).

103.    That at all times material hereto, Plaintiff's service animal was a "service animal" for purposes of the Michigan Penal Code provisions identified above.  *See* M.C.L. § 750.502c(14)(g).

104.    That the Michigan Penal Code provisions identified above satisfy the "statutory purpose doctrine" and, as such, establish the standard of care in an action for negligence.  *See Zeni v Anderson*, 397 Mich. 117, 143; 243 N.W.2d 270 (1976).

105.    That Defendants breach their duty to exercise reasonable care and comply with all statutorily imposed duties through the following acts and/or omissions:

    (a)    Failing to modify its policies, practices, and/or procedures to permit the use of a service animal by a person with a disability in violation of M.C.L. § 750.502c(1);

    (b)    Failing to comply with its policies, practices, and/or procedures that permit the use of a service animal by a person with a disability;

    (c)    By asking Plaintiff for documentation that his animal was a "service animal" in violation of M.C.L. § 750.502c(9);

    (d)    By isolating Plaintiff while accompanied by his service animal in violation of M.C.L. § 750.502c(11)(a);

    (e)    By treating Plaintiff, a person with a disability accompanied by his service animal, less favorably that other patrons in violation of M.C.L. § 750.502c(11)(c);

    (f)    In failing to act as a reasonably prudent person in compliance with all statutes, ordinances, regulations, and rules then applicable; and

    (g)    In any other manner that may be discovered through the course of this litigation.

106.    That Defendants' actions constitute negligence and negligence per se.

107.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

108.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

109.   That Plaintiff hereby claims any and all costs, interest, and attorney fees permissible pursuant to statute, court rule, and/or common law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: July 17, 2024          By:   */s/ Kevin J. Kelly*
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
kkelly@mastromarcofirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK SHALTRY,

      Plaintiff,

v.

DAMOUNI OF MICHIGAN AVE, INC.,
and TIM DONUT U.S. LIMITED, INC.,

      Defendants.

_____/

Case No. 1:24-cv-11059
Hon. Thomas L. Ludington

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

_____/

## PLAINTIFF'S RELIANCE ON PRIOR DEMAND FOR TRIAL BY JURY

      NOW COMES Plaintiff, PATRICK SHALTRY, by and through his attorneys,

THE MASTROMARCO FIRM, and hereby relies upon his prior demand for a trial

by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>July 17, 2024</u>        By:    <u>*/s/ Kevin J. Kelly*</u>
                                        KEVIN J. KELLY (P74546)
                                        Attorneys for Plaintiff
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        <u>kkelly@mastromarcofirm.com</u>